## THE COREY COMPANY v. WALTER L. MINCH ET AL.

Argued November 9, 1911—Decided February 26, 1912.

Under section 45 of the Sale of Goods act (*Comp. Stat., p.* 4645), the question whether a breach of a contract to deliver goods by installments by reason of defective delivery of one or more installments, is so material as to justify the injured party in refusing to proceed further, is a question of fact, and a plea setting up the breach must aver its materiality.

On demurrer to pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and VOORHEES.

For the plaintiff, *Berry & Riggins.*

For the defendants, *Walter H. Bacon.*

The opinion of the court was delivered by

SWAYZE, J. The declaration in this case is in such bad form that we cannot believe it was drawn by counsel. Instead of setting forth a cause of action according to the legal effect, it sets forth in narrative form with great prolixity the transactions between the plaintiff and the defendants upon which the suit is brought. From this narrative the court has been obliged to extract the essential averments, a labor that should have been performed by counsel. Stripped of the unnecessary verbiage, the declaration avers that the defendants bought, and the plaintiff sold, five thousand bags of potatoes, to be shipped and paid for in carload lots on the defendants' order; that certain carloads were shipped in the fall of 1910, accepted and paid for; that other carloads were shipped in the spring of 1911 and rejected by the defendants because of a failure to comply with a warranty; that the defendants thereupon rescinded the contract and notified the plaintiff that they

would refuse to accept any further deliveries, whereupon the plaintiff sold the balance of the potatoes at a loss.

The fourth plea avers that the potatoes were intended to be resold by the defendants for seed, as was known to the plaintiff; that they were warranted, setting forth the particular warranty; that the potatoes tendered for delivery in the spring of 1911 were not in accordance with the warranty, setting forth the particulars in which they failed to comply, whereupon the defendants rescinded the contract and refused to receive the goods.

The fifth plea avers that the defendants bought specific goods with a warranty as to quality, which is set forth; that the goods tendered for delivery in the spring of 1911 were not the goods bought and did not comply with the warranty, whereupon the defendants rescinded the contract. This recital is enough to show that the point raised is the right of the defendants to rescind a contract for the delivery of goods in installments where some of the installments fail to comply with the contract. The case is governed by the Sale of Goods act of 1907. *Comp. Stat., p.* 4645. Section 45 provides that where there is a contract to sell goods, to be delivered by stated installments which are to be separately paid for, and the seller makes defective deliveries in respect of one or more installments, it depends upon the terms of the contract and the circumstances of the case whether the breach of contract is so material as to justify the injured party in refusing to proceed further, or whether the breach is severable giving rise to a claim for compensation, but not to a right to treat the whole contract as broken. The question turns upon the materiality of the breach under the circumstances of the case, and this is a question of fact. *Willis. Sales* 810, § 467. The pleas fail to aver that the breach of contract was material, although they aver facts from which that inference might be drawn. This is not sufficient as against the demurrer. The plaintiff is therefore entitled to judgment upon these pleas. The defendants may, if they desire, apply for leave to amend.